**PAYCOM BILLING SERVICES INC., a Delaware Corporation, Plaintiff-counter-defendant—Appellant,**

v.

**Andrew PHILLIPS, an individual; John Blaugrund, an individual; Internet Network Connections, a Bahamas Corporation; Global Payment Systems Limited, a British Virgin Islands Corporation; International Business Machines Corporation, a New York Corporation, dba IMB Net Trade, Defendants–Appellees,**

**Payment Resources International Inc., a Nevada Corporation, Defendant-counter-claim—Appellee,**

and

**Amtrade International Bank, a Georgia Corporation, dba Amtrade International Merchant Services; Minotola International Bank, a New Jersey Corporation; Banco Uno S.A., a Costa Rica Corporation, Defendants.**

No. 04–55409.

D.C. No. CV–01–06868–SJO.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 14, 2005.

Decided Dec. 21, 2005.

Robert L. Byer, Esq., Kirkpatrick & Lockhart LLP, Pittsburg, PA, for Plaintiff–counter–defendant–Appellant.

Dennis M.P. Ehling, Kirkpatrick & Lockhart, A. William Urquhart, Esq., Shon Morgan, Esq., Quinn Emanuel Urquhart Oliver & Hedges, LLP, James F. Lindsay, Esq., Los Angeles, CA, for Defendants–Appellees.

Andrew S. Pauly, Esq., Stern, Neubauer, Greenwald & Pauly, Jordan Grotzinger, Greenberg Traurig LLP, Santa Monica, CA, Thomas M. Robins, III, Esq., Frandzel, Robins, Bloom & Csato, Los Angeles, CA, for Defendants.

James F. Lindsay, Esq., Los Angeles, CA, for Defendant–counter–claim–Appellee.

Before FERNANDEZ and BERZON, Circuit Judges, and PANNER,\* District Judge.

BERZON, Circuit Judge, dissenting in part.

## MEMORANDUM \*\*

Paycom Billing Services, Inc. appeals the decisions of the district court, which dismissed as to IBM Denmark and granted summary judgment as to International Business Machines Corporation (IBM Corp.). We affirm.

(1) The district court dismissed Paycom's action against IBM Denmark, a foreign corporation, for lack of personal jurisdiction.[1] California's long arm statute extends jurisdiction to the limits of what is permitted by the United States Constitution,[2] and here that required meeting the elements of the specific jurisdiction due process tests. *See Harris Rutsky*, 328 F.3d at 1129; *Core–Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1485 (9th Cir. 1993). We agree with the district court that Paycom did not make out a prima facie case[3] for jurisdiction and adopt the

---

\* The Honorable Owen M. Panner, Senior United States District Judge for the District of Oregon, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The dismissal order was issued by Judge Pregerson.

2. *See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir.2003).

3. Because the issue was decided on written submissions, that is all Paycom had to do. *See AT & T Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588–89 (9th Cir.1996); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir.2002).

district court's decision to that effect in its March 6, 2002, Order Granting Defendant IBM Denmark's Motion to Dismiss.

(2) The district court entered summary judgment in favor of IBM Corp. on the basis that Paycom had not shown that IBM Corp. was liable for the actions of IBM Denmark.[4] We affirm the district court decision.

First, Paycom's failure to argue to the district court that IBM Corp. was directly liable for its own actions has waived that issue on appeal. *See Crawford v. Lungren,* 96 F.3d 380, 389 n. 6 (9th Cir.1996); *A–1 Ambulance Serv., Inc. v. County of Monterey,* 90 F.3d 333, 338–39 (9th Cir. 1996). Second, what Paycom did argue at the district court was that IBM Corp. was liable on the basis of agency or alter ego, and that is what the district court actually decided. Paycom has waived those issues by not raising and arguing them in its opening brief. *See Humble v. Boeing Co.,* 305 F.3d 1004, 1012 (9th Cir.2002); *Alcock v. SBA (In re Alcock),* 50 F.3d 1456, 1461 n. 9 (9th Cir.1995); *Eberle v. City of Anaheim,* 901 F.2d 814, 817–18 (9th Cir.1990).

AFFIRMED.

BERZON, Circuit Judge.

I would hold that Paycom Billing Services, Inc. ("Paycom") adequately raised below the argument that IBM Corp. ("IBM") was directly liable for its own actions and would therefore reach the merits of the district court's grant of summary judgment for IBM. Paycom's opposition to summary judgment contained a heading stating, "Paycom Was Directly Injured by IBM Employees Working for IBM's SDF and Global Solutions Business Unites in the Processing of Its Credit Card Transactions." Beneath that heading and again in the body of the argument, Paycom cited

evidence and argued that IBM employees or IBM–Denmark employees acting on behalf of IBM had been directly involved in the transactions at issue.

On the merits of the summary judgment, I would find that the district court abused its discretion in denying Paycom's Fed.R.Civ.P. 56(f) motion. Discovery as to Paycom's claims against IBM had been open for only two months at the time of the discovery cut-off. The record indicated that Paycom had been sufficiently diligent in pursuing discovery during that time period. Paycom's failure to obtain discovery from IBM during this period had more to do with IBM's refusal to make initial disclosures or answer discovery requests than with any lack of diligence on the part of Paycom. After Paycom amended the complaint to add IBM as a defendant, IBM sought and received a number of extensions of the deadline for making initial disclosures pursuant to Fed. R.Civ.P. 26(a) while it filed motions to dismiss. When it finally made its initial disclosures on February 17, 2003, less than two months before the discovery cutoff, IBM produced not a single document. Nor did it produce any documents in response to 119 document requests propounded by Paycom, although its written responses promised to do so. Most significantly IBM did not disclose the identity of Gilbert Saenz, the sole witness relied on by IBM in support of its summary judgment motion. In response to IBM's inadequate initial disclosures and discovery responses, Paycom filed two motions to compel which were pending when the district court ruled on IBM's motion for summary judgment.

Given this context, Paycom's Rule 56(f) affidavit identified with sufficient specificity facts which would preclude summary judgment. In addition, the affidavit ade-

---

**4.** The summary judgment was granted by Judge Otero.

quately demonstrates how the discovery sought would preclude summary judgment. Accordingly, in my view, it was an abuse of discretion for the district court to rule on IBM's summary judgment motion without permitting Paycom to proceed with outstanding discovery which was clearly relevant to these issues.

I therefore respectfully dissent.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.